COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

CARLOS RODRIGUEZ,                                      )

                                                                              )              
No.  08-02-00481-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
384th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20010D05247)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
of a jury conviction for aggravated assault on a public servant.  The Appellant was sentenced to 65 years= imprisonment.  Appellant brings three issues:  (1) that the trial court erred by failing to
charge the jury on a lesser offense of assault; (2) that the evidence was
insufficient to support the conviction; and (3) that the trial court erred by
failing to provide an instruction under Section 2.05 of the Texas Penal Code
regarding presumptions.  We affirm.

On the afternoon
of September 21, 2001,  Kellie Soria went
shopping with her 








thirteen-month-old daughter at the
Wal-Mart store on Transmountain Road in Northeast El Paso.  After she finished shopping, she returned to
her car, a 2000 white Honda CRV.  She loaded
her purchases into the rear of the car and then started the car to turn on the
air conditioner.  She was strapping her
daughter in the middle of the rear seat when Appellant and another man, Luis
Moreno, walked up to her.  Appellant
asked if she had change for a five dollar bill. 
She said no, and turned away to continue strapping her daughter in the
car seat.  Then, one of the men said we
are going to take your car and showed her that he had a handgun tucked in his
waistband.

Appellant got in
the driver=s seat
and put the car in forward gear.  As the
car began to move forward, Mrs. Soria jumped into the back seat.  She started choking and screaming at
Appellant until he pulled the handgun and aimed it over his shoulder at Mrs.
Soria and her daughter.  She took her
daughter in her arms and crouched down behind the front seat.  Mrs. Soria was able to get her cell
phone from her purse and when the car stopped, she jumped out.  Mr. Moreno, who was running alongside the
car, got in the car when it stopped. 
Mrs. Soria ran away from the car, yelling for help, as Appellant and Mr.
Moreno drove off in the SUV. 
Mrs. Soria called 911 on her cell phone and waited for the police.

El Paso Police
Department Patrolmen Snyder and Talavera were in a marked patrol car driving
north on Dyer Street when they heard the radio broadcast about the armed
robbery and the description of Mrs. Soria=s
car.  The officers decided to enter the
Patriot freeway, U.S. 54 at the Dyer Street ramp going south.  Soon, after getting on the freeway, they both
saw a white Honda CRV weaving in and out of the southbound traffic behind
them.  The officers activated the patrol
car=s emergency lights and began weaving
back and forth, blocking the traffic behind them, and then slowed to a
stop.  The two officers got out of the
car and started back towards the white CRV when it drove into the median past
the officers and reentered the freeway in front of their patrol car.  The officer quickly returned to their patrol
car and began to pursue the CRV.








A short distance
away, the CRV left the freeway at the Fred Wilson exit, crossed through Fred
Wilson, and drove over the Sheridan Road overpass.  They had to stop at the bottom of the
overpass at the closed chain link gates going into Fort Bliss.  The police were only seconds behind them.  Appellant and Mr. Moreno both jumped out of
the CRV and tried to run away.  Mr.
Moreno tried to climb over the chain link fence but got tangled in the barbed
wire atop the fence and Officer Snyder caught up to him and drug him back
down.  Appellant started to run back up
the overpass and then dove headfirst over the rail.  Officer Talavera was able to grab Appellant=s right leg as Appellant was going over
the rail, leaving Appellant hanging upside down, just off the ground and
against the overpass wall.  Officer
Talavera told Appellant that he was under arrest and ordered him to pull
himself back up.  After struggling for a
few moments, Appellant asked the officer to lend him a hand and extended his
right hand toward the officer.   The
officer refused because he was suspicious and could not see Appellant=s left hand, which was behind his
back.  Suddenly, Appellant brought his
left hand out holding a knife and pointed it at the officer.  Officer Talavera, still holding Appellant=s leg, pulled back away, drew his
handgun, and trained it on Appellant. 
Appellant dropped the knife but was then able to wiggle his leg loose
from the officer=s
grip.  Appellant dropped to ground, got
up, and started running. Officer Talavera followed but was unable to catchup to
Appellant, but Appellant was intercepted and arrested a few minutes later by
another police officer.

Issue One:  Did the trial court err in refusing to
instruct the jury on the lesser offense of assault?








We apply a
traditional two‑prong test to determine whether Appellant was entitled to
a charge on a lesser‑included offense. 
See Moore v. State, 969 S.W.2d 4, 8 (Tex.Crim.App. 1998);  Rousseau v. State, 855 S.W.2d 666, 672‑73
(Tex.Crim.App. 1993)(en banc), cert. denied, 510 U.S. 919, 114 S.Ct.
313, 126 L.Ed.2d 260 (1993); Heiringhoff v. State, 130 S.W.3d 117,
125-30 (Tex.App.--El Paso 2003, pet. ref=d).  First, we determine whether the offense is a Alesser included offense@ as defined in Article 37.09 of the
Texas Code of Criminal Procedure, which in most cases require deciding whether
the Alesser
included offense must be included within the proof necessary to establish the
offense charged . . . .@  Bignall v. State, 887 S.W.2d 21, 23
(Tex.Crim.App. 1994); see Tex.Code
Crim.Proc.Ann. art. 37.09 (Vernon 1981); Ramirez v. State, 976
S.W.2d 219, 226‑27 (Tex.App.--El Paso 1998, pet. ref=d). 
Second, the record must show some evidence that would permit a rational
jury to find that if the defendant is guilty of an offense, he was guilty only
of the lesser offense.  Feldman v.
State, 71 S.W.3d 738, 750‑51 (Tex.Crim.App. 2002).

The State does not
contest that assault is a lesser included offense of alleged aggravated assault
which requires use of a deadly weapon. 
Therefore, the lesser included offense instruction was required if there
is some evidence that Appellant did not exhibit a deadly weapon.  It is, however, undisputed that Appellant
pulled a knife from behind his back and pointed it at the officer.  He simply cannot meet the second prong
because any rational jury could find him guilty of aggravated assault.  See Moreno v. State, 38 S.W.3d 774,
778 (Tex.App--Houston [14th Dist.] 2001, no pet.).  Issue One is overruled.

In Issue Two,
Appellant claims that the evidence is legally insufficient to support the
conviction for aggravated assault.  We
understand his argument to be that because of the way Appellant was hanging
upside down against the side of the overpass, it was possible that he merely
pulled the knife to prevent cutting or stabbing himself, and not to threaten
the officer.








In reviewing the
legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d
560, 573 (1979); Hernandez v. State, 946 S.W.2d 108, 110-11 (Tex.App.BEl Paso 1997, no pet.).  This familiar standard gives full play to the
responsibility of the trier of fact fairly to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
to ultimate facts.  Jackson, 443
U.S. at 319, 99 S.Ct. at 2789.  We do not
resolve any conflict of fact or assign credibility to the witnesses, as it was
the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson
v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if
both the explicit and implicit findings of the trier of fact are rational by
viewing all of the evidence admitted at trial in a light most favorable to the
verdict.  Adelman, 828 S.W.2d at
421-22.  In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843.

A person commits
the offense of assault if the person intentionally or knowingly threatens
another with imminent bodily injury.  See
Tex.Pen.Code Ann. ' 22.01(a)(2)(Vernon Supp.
2004-05).  Aggravated assault occurs if
the person commits an assault under Section 22.01 and the person uses or
exhibits a deadly weapon during the assault. 
See Tex.Pen.Code Ann.
' 22.02(a)(2).  Appellant concedes that he assaulted the
officer but that he really did not threaten the officer with the knife.  Officer Talavera testified that Appellant Apointed it at me.@ 
That evidence alone is sufficient to sustain the conviction for
aggravated assault.  Issue Two is
overruled.








In Issue Three,
Appellant complains that the trial court erred by failing to provide an
instruction under Section 2.05 of the Texas Penal Code limiting the presumption
provided by Section 22.02(c) that it is presumed that a defendant knows someone
is a police officer if they are in uniform.

There was no
objection made at trial to the omission of the instruction which the State
concedes should have been given.  Both
sides recognize that because there was no objection that reversal is required
only if the harm is so egregious that Appellant was denied a fair and impartial
trial.  See Almanza v. State, 686
S.W.2d 157, 174 (Tex.Crim.App. 1984)(Opin. on reh=g).

We determine the
degree of harm by assaying the entire jury charge, the state of the evidence,
the argument of counsel, and any other relevant evidence revealed by the record
of the trial.  See Arline v. State,
721 S.W.2d 348, 351-52 (Tex.Crim.App. 1986).

Appellant states
that it is Aarguable
that Appellant did not know that Talavera was a police officer;@ however, we can find nothing in the
record that even remotely suggests this was an issue in the trial.  The issue was never contested and trial
counsel even conceded the issue during his argument to the jury.








Looking at the
record facts:  Officer Talavera was in
full uniform and driving a marked patrol car; Appellant was driving the stolen
car and sped by the stopped patrol car on Officer  Talavera=s
side and next to the officer who had gotten out of his car; Appellant was
grabbed by Officer Talavera, who held Appellant by the leg over the side of the
overpass; and Appellant argued and struggled with the officer and then asked
the officer to lend him a hand to climb back onto the overpass.  We find no merit to the contention that it
was Aarguable@ that Appellant did not know that
Officer Talavera was a uniformed policeman. 
There is overwhelming evidence to prove the facts giving rise to the
presumption beyond a reasonable doubt. 
We find no harm and Appellant was not denied a fair and impartial trial
by the omission of the Section 2.05 instruction.  We overrule Issue Three.

The judgment of
the trial court is affirmed.  

 

 

August
26, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)